E-FILED
Monday, 16 March, 2026 01:57:58 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MICHEAIL WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-1370 |
| | ) | |
| DYER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MERIT REVIEW ORDER</u>

Plaintiff, proceeding pro se and presently detained at Cook County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he has an injured Achilles tendon that makes it difficult for him to walk. He alleges that officials moved him from his cell in the healthcare unit to a cell in a segregation unit because they needed space in the healthcare unit for another inmate. Plaintiff alleges that officials placed him in a suicide cell that was not ADA compliant and had no water.

Plaintiff alleges that officials placed him on constant watch status until another cell in the healthcare unit became available because he was on a hunger strike. Plaintiff also alleges that officials told him that they could not provide a different cell because he could not walk up stairs. Plaintiff alleges that officials provided him with a power cord for his fan, but that Defendant Dyer later "snatched" it away. Plaintiff alleges that he fell to the ground because there were no handrails in the cell after becoming lightheaded due to his hunger strike.

Plaintiff alleges that he awoke to Defendant Dyer standing on his chest while Defendant Paige punched him, Defendant Wendez kicked him, and Defendant Ross pulled out his hair. Plaintiff alleges that these defendants restrained him and forcibly pulled his pants and boxer shorts up to his belly button. Plaintiff alleges that he received medical treatment at a hospital thereafter.

Plaintiff states an Eighth Amendment excessive force claim against Defendants Dyer, Paige, Wendez, and Ross in their individual capacities. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992).

Plaintiff's remaining allegations suggest that his detention in the segregation cell was temporary and based on several factors, including his inability to walk. Plaintiff does not allege that he remained in that cell for an extended period or that the conditions were otherwise unsanitary. The lack of water in the cell does not independently permit a reasonable inference that he suffered the type of deprivation that triggered constitutional concerns, especially when viewed in light of Plaintiff's allegations that he was on a hunger strike. The Court finds that Plaintiff fails to state any further claims.

**Plaintiff's Motion to Request Counsel (Doc. 5)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. The email Plaintiff attached appears related to another case Plaintiff filed, not this case. Plaintiff's unsubstantiated claims that he contacted lawyers is not sufficient. *Balle v. Kennedy*, 73 F.4th 545, 559-60 (7th Cir. 2023); *Tackett v. Jess*, 853 F. App'x 11, 16-17 (7th Cir. 2021). Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

**Plaintiff's Motion (Doc. 8)**

Plaintiff filed a motion indicating issues with sending his trust fund ledgers to the Court. The Court received his trust fund ledgers on September 12, 2025. The Court cannot determine the relief Plaintiff seeks. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED:**

1.      **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment excessive force claim against Defendants Dyer, Paige, Wendes, and Ross in their individual capacities. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

2.      **This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before**

defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9.      If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10.     The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11.     The clerk is directed to terminate Defendants Leslie, Warren, Hernandez, Lipold, Joyner, Goldsmith as defendants.

12.     The clerk is directed to attempt service on Defendants Dyer, Paige, Wendes, and Ross pursuant to the standard procedures.

13.     Plaintiff's Motion [5] is DENIED with leave to renew.

14.     Plaintiff's Motion [8] is DENIED.

Entered this 16th day of March, 2026.

*s/Sara Darrow*

SARA DARROW
UNITED STATES DISTRICT JUDGE
